Michael Leroy DARITY, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. Civ. 1:00CV168.
No. 1:95CR132–1.

United States District Court,
W.D. North Carolina,
Asheville Division.

Oct. 25, 2000.

Order Denying Reconsideration
Dec. 4, 2000.

Ronald J. Freeman, Johnson, Freeman & Perkins–Hooker, LLC, Atlanta, GA, for Michael Leroy Darity, petitioner.

Jerry W. Miller, U.S. Attorney's Office, Asheville, NC, for United States of America, respondent.

### MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. The Government has responded and moved to dismiss the petition. For the reasons stated herein, the undersigned vacates in part the Petitioner's sentence.

### I. PROCEDURAL HISTORY

Petitioner was indicted on December 5, 1995, and charged with conspiracy to manufacture and distribute cocaine base. **Bill of Indictment, filed December 5, 1995.** The Government filed a Bill of Information alleging that the conspiracy involved more than 50 kilograms of cocaine base. **Information pursuant to** 21 U.S.C. § 841(b),

filed December 7, 1995. On July 9, 1997, Petitioner was convicted by jury verdict. **Verdict Sheet, filed July 9, 1997.** Numerous post-trial motions were filed, considered and denied. On January 29, 1998, the undersigned sentenced the Petitioner to serve 384 months incarceration. **Judgment in a Criminal Case, filed February 5, 1998.**

Petitioner's conviction and sentence were affirmed by the Fourth Circuit on June 17, 1999. *United States v. Darity,* 181 F.3d 92 (Table), 1999 WL 397722 (4th Cir.1999). On appeal, Petitioner claimed the undersigned made the following errors: (1) the denial of a new trial based on juror misconduct; (2) the denial of a motion to suppress evidence of a 1997 arrest; (3) the admission of that evidence pursuant to Federal Rule of Evidence 404(b); (4) the denial of a motion for a change of venue based on the racial makeup of the general population of the division in which he was tried; (5) the admission of testimony by cooperating witnesses in violation of the anti-gratuity statute; and (6) sentencing errors in the calculation of drug quantities. All grounds were rejected by the Fourth Circuit. *Id.* A petition for a rehearing *en banc* was denied on July 27, 1999. On January 18, 2000, the Supreme Court declined the petition for a writ of *certiorari.* Petitioner's motion pursuant to 28 U.S.C. § 2255 was filed on August 2, 2000, and thus is timely.

## II. STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the ground that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner argues that his conviction and sentence are unconstitutional due to the recent decision of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Supreme Court there held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Based on *Apprendi,* Petitioner also argues that the United States Sentencing Guidelines are unconstitutional. The remaining two grounds in support of the motion are that Petitioner received ineffective assistance of counsel and the undersigned erred by enhancing Petitioner's sentence due to his leadership role in the offense.

## III. DISCUSSION

The Court first addresses the impact of *Apprendi* on Petitioner's conviction and sentence. The bill of indictment charged the Petitioner with conspiring to manufacture and distribute cocaine base. The quantity of the drug involved in the conspiracy was not specified in the indictment; but, the bill of information alleged that in excess of 50 kilograms of base were involved. Based on the evidence at trial, the Probation Officer found that 602.3 grams of cocaine base and 93.7 kilograms of cocaine powder should be attributed to the Petitioner. **Presentence Report, prepared October 14, 1997.** Because of the amount of cocaine base attributed to the Petitioner, he faced a mandatory minimum sentence of not less than 10 years or more than life imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). As previously noted, the undersigned sentenced Petitioner to serve 384 months incarceration. This sentence was based on a finding by the Court from the preponderance of the evidence presented during the trial that the Petitioner knew or could reasonably foresee the drug quantities involved in the conspiracy as indicated by the probation officer.

 However, under the reasoning of *Apprendi,* the sentencing court may no longer make a finding of drug quantities by a preponderance of the evidence if the result would be a sentence greater than the statutory maximum set out in § 841(b)(1)(C). Thus, Petitioner's sen-

tence should not have exceeded 240 months because no drug quantity was specified in the bill of indictment. 21 U.S.C. § 841(b)(1)(C); *United States v. Angle*, 230 F.3d 113, 123 (4th Cir.2000) ("Pursuant to *Apprendi*, **in order for imprisonment penalties under** § 841(b)(1)(A) or (B) **to apply to the defendants, such that findings of particular drug quantities could expose them to imprisonment terms greater than** § 841(b)(1)(C)'s catch-all statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proven to beyond a reasonable doubt."); *United States v. Doggett*, 230 F.3d 160, 164 (5th Cir.2000). Thus, if *Apprendi* is retroactive, Petitioner's sentence was increased by a fact, the drug quantity, beyond the prescribed statutory maximum without that fact having been submitted to the jury and proved beyond a reasonable doubt. The only issue then is whether *Apprendi* should be applied retroactively.[1] Because that issue is a matter of law, no evidentiary hearing is necessary.

 First, there is no question that the holding in *Apprendi* is of constitutional import: the Supreme Court so stated.

> In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in *Jones*. Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is *unconstitutional* for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that

such facts must be established by proof beyond a reasonable doubt."

*Apprendi*, 530 U.S. at –– – ––, 120 S.Ct. at 2362–63 (**quoting** *Jones v. United States*, 526 U.S. 227, 252–53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)) (**emphasis added**). Likewise, the Fourth Circuit has recently recognized that in *Apprendi*, the "Court announced as a constitutional rule [ ] a principle that had been suggested as one in *Jones....*" *Angle*, at 120. New rules of constitutional law, whether procedural or substantive, apply retroactively to cases on direct review. *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). "In *Teague* [the Supreme Court] held that, in general, 'new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.'" *Lambrix v. Singletary*, 520 U.S. 518, 526, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (**quoting** *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)). However, new rules of substantive criminal law are applied retroactively to cases on collateral review. *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). Petitioner and the Government agree that *Apprendi* announced a procedural rule but disagree as to its retroactivity under the exceptions provided by *Teague*.

> In *Teague* [the Supreme Court] held that, in general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." To apply *Teague*, a federal court engages in a three-step process. First, it determines the date upon which the defendant's conviction became final. Second, it must survey the legal landscape as it then existed, and determine whether a[ ] court considering [the de-

---

1. The Government has conceded that *Apprendi* announced a "new constitutional rule of criminal procedure" but argues it should not

be applied retroactively on collateral review. **United States' Response to Petition and Motion to Dismiss, at 2.**

fendant's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution. Finally, if the court determines that the [ ] petitioner seeks the benefit of a new rule, the court must consider whether the relief sought falls within one of the two narrow exceptions to nonretroactivity.

*Lambrix,* 520 U.S. at 527, 117 S.Ct. 1517 (quoting *Teague, supra* ) (**other citations omitted**). The first two steps of the *Teague* process are met in this case. *Angle, supra; United States v. Martinez,* 139 F.3d 412, 415 (4th Cir.1998), *cert. denied,* 525 U.S. 1073, 119 S.Ct. 807, 142 L.Ed.2d 667 (1999) (**"A rule announced in a case decided subsequent to the date on which the [§ 2255] petitioner's conviction became final is considered a new rule 'if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.' "**). The only issue is whether one of the two *Teague* exceptions apply. The first exception is inapplicable because it deals with a rule which places a class of conduct beyond the power of the Government to prescribe. *Lambrix,* at 539, 117 S.Ct. 1517. The second exception is for " 'watershed rules of criminal procedure' that significantly improve the accuracy of the factfinding procedure and implicate the fundamental fairness of the trial." *Weeks v. Angelone,* 176 F.3d 249, 263 n. 7 (4th Cir.1999), *aff'd,* 528 U.S. 225, 120 S.Ct. 727, 145 L.Ed.2d 727 (2000). It "is directed toward the accurate determination of guilt or innocence." *Id.,* at 266. "It is thus not enough under *Teague* to say that a new rule is aimed at improving the accuracy of trial. More is required. A rule that qualifies under this exception must not only improve accuracy, but also 'alter our understanding of the *bedrock procedural elements* ' essential to the fairness of a proceeding." *Sawyer v. Smith,* 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990) (**quoting** *Teague,* at 311, 109 S.Ct. 1060) (**other citations omitted**). "[The Supreme Court] observed in

*Saffle v. Parks* that the paradigmatic example of a watershed rule of criminal procedure is the requirement that counsel be provided in all criminal trials for serious offenses." *Gray v. Netherland,* 518 U.S. 152, 169, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (**citations omitted**).

■ In ascertaining whether *Apprendi* falls within this admittedly narrow exception, the language used by the Supreme Court in its decision is telling.

The question whether Apprendi had a constitutional right to have a jury find [an essential element] on the basis of proof beyond a reasonable doubt is starkly presented. Our answer to that question was foreshadowed by our opinion in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311[ ] (1999), construing a federal statute. We there noted that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty* for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." ... At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amdt. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury." Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.... As we have, unanimously, explained, the historical foundation for our recognition of these principles extends down centuries into the common law.... [T]rial by jury has been understood to require that *the truth of every accusation,* whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by

the unanimous suffrage of twelve of [the defendant's] equals and neighbors.... Equally well founded is the companion right to have the jury verdict based on proof beyond a reasonable doubt.

*Apprendi,* 530 U.S. at –––– – ––––, 120 S.Ct. at 2355–56 (**quoting** *Jones,* 526 U.S. at 243, 119 S.Ct. 1215) (**other citations omitted**). Clearly, the Court itself considers the *Apprendi* rule of fundamental constitutional import, resonating its previous decision in *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), that the denial of the right to a jury verdict beyond a reasonable doubt is a "structural defect" "without which a criminal trial cannot reliably serve its function." *Id.,* at 281, 113 S.Ct. 2078.

Prior to *Apprendi,* a defendant could be sentenced beyond the statutory maximum sentence of 20 years in drug cases, 21 U.S.C. § 841(b)(1)(C), if the sentencing judge found by a preponderance of the evidence that the Government had proven drug quantities sufficient to invoke either § 841(b)(1)(A) or (B). "[T]here is a vast difference between ... a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilt beyond reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof." *Apprendi,* 530 U.S. at ––––, 120 S.Ct. at 2366. "The reasonable-doubt standard plays a vital role in the American scheme of criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence—that bedrock 'axiomatic and elementary' principle whose 'enforcement lies at the foundation of the administration of our criminal law.' " *In re Winship,* 397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (**quoting** *Coffin v. United States,* 156 U.S. 432, 453, 15 S.Ct. 394, 39 L.Ed. 481 (1895)). Indeed, the fact that there is a *Teague* exception was preordained by Justice O'Connor's characterization of the *Apprendi* holding: "Today, in what will surely be remembered as a watershed change in constitutional law, the Court imposes as a constitutional rule the principle it first identified in *Jones.*" *Apprendi,* 530 U.S. at ––––, 120 S.Ct. at 2380 (**O'Connor, J. concurring**).

■ The fact that *Apprendi* announced a constitutional rule of criminal procedure does not appear to be disputed by those courts which have addressed the decision. *See, e.g., Angle, supra; Sustache–Rivera v. United States,* 221 F.3d 8 (1st Cir.2000); *Doggett, supra; In re Joshua,* 224 F.3d 1281 (11th Cir.2000); *United States v. Henderson,* 105 F.Supp.2d 523 (S.D.W.Va. 2000); *United States v. Murphy,* 109 F.Supp.2d 1059 (D.Minn.2000) (*Apprendi* **announced a watershed rule of criminal procedure**). However, the undersigned concludes that *Apprendi* is also a substantive decision to which *Teague's* retroactivity rules do not apply.[2]

■ In *Angle, supra,* the Fourth Circuit recently applied *Apprendi* to hold that drug quantities are an element of an offense under § 841.

Historically, this court and all of her sister circuits have held that drug quantity is a sentencing factor, not an element of the crime. After the Supreme

2. "[N]ot all cases are easily categorized as being either substantive or procedural. For example, in *United States v. Gaudin,* the Court held that if materiality of a false statement is a violation of 18 U.S.C. § 1001, then it must be submitted to the jury. If *Gaudin* is read as holding that every element of the crime must be submitted to the jury, then it is clearly a procedural rule which should be analyzed under *Teague* standards. If, on the other hand, it is read as holding that materiality is an element of an offense under Section 1001, then it is a substantive decision governed by *Davis.*" 28 Moore's *Federal Practice,* § 672.06[2] at 672–72 (3rd ed.2000). In *Apprendi,* the Court clearly ruled that every element of a crime must be submitted to a jury. However, it also held that any element which would increase a defendant's punishment beyond a statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

Court noted in *Jones I* that precedent suggested that any fact, other than prior conviction, that could increase the penalty beyond the statutory maximum penalty, must be charged in the indictment, submitted to a jury, and proven beyond reasonable doubt, circuit courts applying *Jones I* interpreted this opinion as a suggestion rather than an absolute rule.... Of particular interest is the Tenth Circuit case of *United States v. Jones* [hereinafter "Circuit Jones,"], which analyzed the issue of drug quantity in light of the Supreme Court *Jones I*, holding "Because *Jones* [I] 'suggests' rather than establishes a new principle of constitutional law, we adhere to the doctrine of *stare decisis* and decline to reexamine whether the penalty provisions of § 841(b)(1) violated the Fifth and Sixth Amendments." In *Jones II*, the Supreme Court vacated the judgment of Circuit Jones and remanded for further consideration in light of *Apprendi*. *The Supreme Court's remand of Circuit Jones indicates the possible or even likely view of the Court that Apprendi does change the traditional interpretation that drug quantity is always a sentencing factor.....* [T]he Court in *Apprendi* made clear that labels are an unacceptable solution to making the "constitutionally novel and elusive distinction between 'elements' and 'sentencing factors.' " ... Pursuant to *Apprendi, in order for imprisonment penalties under § 841(b)(1)(A) or (B) to apply to the defendants, such that findings of particular drug quantities could expose them to imprisonment terms greater than § 841(b)(1)(C)'s catch-all statutory maximum of twenty years, the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proven to beyond a reasonable doubt.*

*Angle,* at 122 **(emphasis added) (citations omitted)**. Thus, *Apprendi* has been interpreted as having changed or clarified the essential elements of § 841. "The case before [this Court] involves the retroactivity of a decision [*Apprendi* ] interpreting a *substantive* criminal *statute,* [as well as] one involving a rule of constitutional criminal procedure." *United States v. McKie,* 73 F.3d 1149, 1153 (D.C.Cir.1996) **(emphasis added);** *accord, United States v. Brown,* 117 F.3d 471, 479 (11th Cir.1997) **("[T]he Supreme Court does 'not express a new rule of constitutional law ... [when] it [ ] interpret[s] a substantive criminal statute using rules of statutory construction.' ")**. Substantive statutory decisions which narrow the scope of a statute by requiring proof of all the elements of the crime are to be applied retroactively. *McKie, supra. Apprendi* "articulates the substantive elements that the government must prove to convict a person charged with" drug offenses. *United States v. McPhail,* 112 F.3d 197, 199 (5th Cir.1997). Thus, it is also a substantive decision concerning the reach of the drug statute. *Id.; but see, Benevento v. United States,* 81 F.Supp.2d 490, 492 (S.D.N.Y.2000) **(Where a decision announces that an element of a charge must be determined by the jury instead of the court, it is a procedural change.).**

Having determined that *Apprendi* applies to this case either as a new rule of criminal procedure or as a substantive change in the law, Petitioner's sentence must be vacated. His sentence could not have exceed 240 months incarceration under 21 U.S.C. § 841(b)(1)(C). However, Petitioner has raised other issues in the motion. First, he claims that the United States Sentencing Guidelines are unconstitutional under the *Apprendi* ruling. Despite Justice O'Connor's dissent, the Court made clear that its ruling was not to have such a broad reach. "We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi,* 530 U.S. at ——, 120 S.Ct. at 2358. "[T]he Sentencing Guidelines are themselves a

constitutional mechanism for channeling the discretion that a sentencing court would otherwise enjoy...." *United States v. Mack,* 229 F.3d 226, 243 (3rd Cir.2000) (citing *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). Although *Apprendi* may come to mean that in some circumstances enhancements place a sentence beyond a statutory maximum and are therefore, unconstitutional as applied, "it has not yet acquired that meaning." *Id.* The undersigned is therefore in no position to make such a broad pronouncement. *Henderson,* 105 F.Supp.2d at 536; *Doe v. United States,* 112 F.Supp.2d 398, 403–04 (D.N.J.2000).

■ Petitioner's next argument for relief is that the undersigned erred by sentencing him as a leader. This issue was raised and rejected on the Petitioner's direct appeal. Therefore, it may not considered again here. *Kaufman v. United States,* 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Boeckenhaupt v. United States,* 537 F.2d 1182, 1183 (4th Cir.1976); *United States v. Hatala,* 29 F.Supp.2d 728 (N.D.W.Va.1998), *appeal dismissed,* 191 F.3d 449 (4th Cir. 1999), *cert. denied,* 529 U.S. 1078, 120 S.Ct. 1697, 146 L.Ed.2d 502 (2000).

■ Finally, Petitioner claims his attorney rendered ineffective assistance by failing to stipulate to the facts surrounding his 1997 arrest during which cocaine was found in his car. The Supreme Court has stated the test for determining whether a defendant received adequate assistance of counsel.

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. *Id.* Thus, a defendant must show counsel's performance fell below objective standards of reasonableness, and, that but for his conduct, there was a reasonable probability the result of the trial would have been different. *Id.,* at 688, 104 S.Ct. 2052.

■ Petitioner cannot make this showing. First, there is no indication that the Government would have agreed to such a stipulation. Moreover, stipulating to the arrest and surrounding facts would have deprived defense counsel of the opportunity to cross-examine the witnesses. Indeed, had counsel so stipulated, it is highly likely that Petitioner would have assigned this as ineffective assistance of counsel. *See, e.g., United States v. Gray,* 91 F.3d 135 (table), 1996 WL 397417 *6 (4th Cir. 1996). Strategical and tactical decisions of defense counsel are not subject to review for ineffective assistance absent blatant omissions not shown here. *Bacon v. Lee,* 225 F.3d 470, 484 (4th Cir.2000); *Baker v. Corcoran,* 220 F.3d 276, 295 (4th Cir.2000); *Bell v. Evatt,* 72 F.3d 421, 429 (4th Cir. 1995).

■ Having concluded that the Petitioner's sentence must be vacated, the only issue remaining is whether the undersigned is compelled to conduct a new sentencing hearing at which the Petitioner must be present. Federal Rule of Criminal Procedure 43(c)(4) provides that a defendant need not be present when a proceeding involves the reduction or correction of a sentence pursuant to 18 U.S.C. § 3582(c). That statute provides that a court may not modify a sentence once imposed except to the extent "expressly permitted by statute...." 18 U.S.C. § 3582(c)(1)(B). Section 2255, of course, permits the modification and correction of a sentence. The only manner in which Petitioner's sentence will be

changed involves the terms of imprisonment and supervised release which are both mandated by statute. 21 U.S.C. § 841(b)(1)(C) (**240 months incarceration and three years of supervised release**). The remaining terms and provisions of the original Judgment will be unchanged. The undersigned concludes that the Petitioner's presence in this circumstance is not required. *United States v. Slate,* 153 F.3d 724 (table), 1998 WL 387256 *1 (4th Cir.1998); *Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir.1997) ("**The defendant's right to speak before the imposition of sentence under** Fed. R.Crim.P. 32(c)(3)(C), **applies to the original sentence and not to the subsequent resentencing. There is nothing in** § 2255 **which provides that defendant has either an absolute right to be present or a right of allocution....** Thus, **the defendant does not have a right pursuant to** § 2255 **to be present and to allocute at his resentencing.**"); *United States v. Tamayo,* 80 F.3d 1514, 1519 (11th Cir.1996) (**Correction of a portion of sentence can be remedied without the defendant's presence provided the sentence is not more onerous.**).

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Respondent's motion to dismiss is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that the Petitioner's petition is hereby **GRANTED.** A Judgment is filed herewith.

## *JUDGMENT*

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the Petitioner's petition pursuant to 28 U.S.C. § 2255 is **ALLOWED,** and his sentence is hereby **VACATED IN PART;** and

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare an amended Judgment of Commitment which provides

a sentence of imprisonment for a term of 240 months and a three-year term of supervised release, with all other terms and provisions of the original sentence to remain the same and in full force and effect.

## *MEMORANDUM AND ORDER*

**THIS MATTER** is before the Court on the Government's motion to reconsider the Judgment filed October 25, 2000. No response has been received from the Petitioner, who is represented by counsel. It is noted, however, that Petitioner has filed a *pro se* notice of appeal.

In support of the motion, the Government argues: (1) retroactive application of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is barred by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); (2) retroactive application of *Apprendi* would have serious implications on the validity of thousands of drug convictions; and (3) the Petitioner has shown neither cause nor prejudice for failing to raise the issue on direct appeal. The Court will first consider whether *Apprendi* may be retroactively applied.

In the Memorandum and Order filed October 25, 2000, the undersigned concluded: (1) the Supreme Court in *Apprendi* announced a new rule of constitutional procedural law which fits into an exception to the *Teague* bar, and (2) the Court also announced a new rule of constitutional substantive law which is automatically retroactive. The first conclusion was based on the undisputed fact that *Apprendi* requires proof *beyond a reasonable doubt* of any fact, except a prior conviction, which increases the penalty for a crime beyond the statutory maximum. And, the undersigned cited Supreme Court precedent beyond *Apprendi* which holds that the reasonable doubt standard is a "bedrock procedural element essential to fairness." *See, e.g.,* Memorandum and Order, at 6–8 (citing *Sullivan v. Louisiana,* 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) and *In re Winship,*

397 U.S. 358, 363, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). Undaunted by these precedents, the Government argues that the procedure announced in *Apprendi* merely enhances the reliability of the fact finding process and thus, may not be applied retroactively.

This argument overlooks not only the Supreme Court precedent concerning the reasonable doubt standard but Fourth Circuit precedent as well. In *Adams v. Aiken,* 41 F.3d 175 (4th Cir.1994), the Fourth Circuit held the ruling of *Sullivan,* requires that *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), concerning the constitutionality of a reasonable doubt jury instruction, be applied retroactively to cases on collateral review.

In view of these explanations of *Teague's* second exception, the question arises whether the remedy for an unconstitutional reasonable doubt instruction should be applied retroactively. The answer is found in *Sullivan's* explanation of the crippling effects of such an instruction: a misdescription of the burden of proof ... vitiates *all* the jury's findings. Without a jury's constitutional finding of guilt, a conviction lacks both "accuracy" and one of the *bedrock procedural elements* essential to the fairness of the proceeding. *Sullivan* also describes denial of a right to a jury verdict of guilt beyond a reasonable doubt as a "structural" error. In the context of harmless error doctrine, the Supreme Court has stated that a criminal trial infected by a structural error cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair. In light of *Sullivan,* a constitutionally deficient reasonable doubt instruction not only dilutes the standard of proof beyond a reasonable doubt mandated by *In re Winship* [ ], but it also prevents a jury verdict of guilty from coming into existence. *This failure is a breach of the right to a trial by jury, resulting in a*

*lack of accuracy and the denial of a bedrock procedural element essential to fairness. It is also a structural error that deprives a defendant of a fundamentally fair trial. Consequently, the rule that a constitutionally deficient reasonable doubt instruction violates the Due Process Clause satisfies Teague's second exception. It should be applied retroactively.*

*Adams,* 41 F.3d at 178 **(emphasis added) (internal citations omitted)**. The undersigned cannot conclude that the Fourth Circuit would not find *Apprendi* retroactively applicable in light of this indistinguishable precedent. *See, e.g., Rodgers v. United States,* 229 F.3d 704, 705 (8th Cir. 2000) (**"We have ... accepted review of *Apprendi* claims raised in initial § 2255 motions."**); *United States v. Nicholson,* 2000 WL 1634731 *6–7 (8th Cir.2000) (**applying *Apprendi* retroactively to an initial § 2255 petition**); *Illinois v. Beachem,* 2000 WL 1677715 *22 (Ill.App. 1 Dist.2000) (**The Court in *Apprendi* "observed an increase beyond the maximum authorized statutory sentence is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits squarely within the usual definition of an 'element' of the offense."**); *Parise v. United States,* 117 F.Supp.2d 204, n. 1 (D.Conn.2000) (**"Whereas a 'second or successive § 2255 motion must be certified as provided in** section 2244 ... to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' the *initial petition* need only show 'that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.' "); *Robinson v. United States,* 2000 WL 1585686 *1 (S.D.N.Y.2000) (**applying *Apprendi* to petitioner's first § 2255 motion following *United States v. Murphy,* 109 F.Supp.2d 1059 (D.Minn.2000) which holds *Apprendi* is retroactive**); 28 *Moore's Federal Practice,* § 671.09[3][b]

(3rd ed. 2000) ("**The one new rule which the courts of appeal have recognized as meeting th[e]** [*Teague*] **exception [to non-retroactivity] is the Supreme Court's decision in** *Sullivan v. Louisiana* **which held that a jury instruction relieving the state of the burden of proving the offense beyond a reasonable doubt in violation of** *Cage v. Louisiana* **can never be harmless.**"). *But see, United States v. Pittman*, 2000 WL 1708962 (D.Or.2000) (**holding** *Apprendi* **not retroactive**).

The Government also argues, as a ground for not applying *Apprendi* retroactively, that such conduct would "call into question tens of thousands of convictions and sentences in drug cases alone." **United States' Motion for Reconsideration and Motion to Stay Judgment, at 7.** The obvious response is that the Government's complaint lies with the Supreme Court rather than the lower courts which must carry out its mandate. A more eloquent response was stated by an appellate court in Illinois considering the same argument.

> We understand the implications of extending *Apprendi* to collateral review. But we do what we believe the law requires. Our constitutional history teaches us we best survive when we hew to the line drawn by the rule of law. Because, under *Teague*, we conclude *Apprendi* implicates procedures implicit in the concept of ordered liberty, we find *Apprendi* applies to a timely-filed postconviction petition.

*Beachem, supra,* at 25. The language used by the Court in *Apprendi* reinforces this conclusion. The reasonable doubt standard, it held, "reflects a profound judgment about the way in which law should be enforced and justice administered.... [Our jury tradition is] an indispensable part of our criminal justice system." *Apprendi*, 530 U.S. at ——, ——, 120 S.Ct. at 2356, 2366.

The Government's last argument is that the Petitioner has not shown cause and prejudice for his failure to raise this issue on direct appeal. Common sense dictates that if a new rule of constitutional law is retroactive because it is not *Teague*-barred, there can be no procedural default in failing to raise the issue on direct appeal. In other words, how can a prisoner be expected to raise an issue that has not yet been pronounced by the · Supreme Court. Unfortunately, the law in this area does not comport with common sense. Despite the inherent inconsistency of applying a "cause and prejudice" standard to such a case, it may in fact be required. 28 ***Moore's Federal Practice,*** § 672.08[1][b] at 672–81.

 Assuming *arguendo* that the Petitioner must show cause and prejudice for failing to raise the issue on appeal, this case presents a situation where there was a "reasonable unavailability of the ... legal basis for a claim" and thus, cause for failing to raise it. *McCleskey v. Zant,* 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). This conclusion is supported by Justice O'Connor's dissent in *Apprendi.*

> Our Court has long recognized that not every fact that bears on a defendant's punishment need be charged in an indictment, submitted to a jury, and proved by the government beyond a reasonable doubt. Rather, we have held that the "legislature's definition of the elements of the offense is usually dispositive." ... In one bold stroke the Court today casts aside our traditional cautious approach and instead embraces a universal and seemingly bright-line rule limiting the power of Congress and state legislatures to define criminal offenses and the sentences that follow from convictions thereunder.... In its opinion, the Court marshals virtually no authority to support its extraordinary rule. Indeed, it is remarkable that the Court cannot identify a *single instance,* in the over 200 years since the ratification of the Bill of Rights, that our Court has applied, as a constitutional requirement, the rule it announces today.

*Apprendi,* 530 U.S. at ——–——, 120 S.Ct. at 2380–81. Indeed, Justice Thomas noted that this "new rule" may have serious implications for the federal Sentencing Guidelines. *Id.,* at 2380 n. 11. Since 1988, federal courts have sentenced drug defendants pursuant to the Sentencing Guidelines which require the courts to find *by a preponderance of the evidence* the amount of drugs involved. The Fourth Circuit has recently noted the drastic change invoked by *Apprendi.*

> Historically, this court and all of her sister circuits have held that drug quantity is a sentencing factor, not an element of the crime. After the Supreme Court noted in *Jones* I that precedent suggested that any fact, other than prior conviction, that could increase the penalty beyond the statutory maximum penalty, must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt, circuit courts applying *Jones* I interpreted this opinion as a suggestion rather than an absolute rule. Thus, they continued to view drug quantity as a sentencing factor.... Pursuant to *Apprendi,* in order for imprisonment penalties under § 841(b)(1)(A) or (B) to apply to the defendants, such that findings of particular drug quantities could expose them to imprisonment terms greater than § 84(b)(1)(C)'s catch-all maximum of twenty years, *the drug quantity must be treated as an element: charged in the indictment, submitted to a jury, and proven to beyond a reasonable doubt.*

*United States v. Angle,* 230 F.3d 113, 122–23 (4th Cir.2000). Thus, it was well established prior to *Apprendi* that the sentencing court made the determination of drug quantities by a preponderance of the evidence. Even after *Jones,* the Fourth Circuit, and all other circuits, refused to modify this traditional procedure. As a result, the Petitioner and his attorney had no reason to raise the issue on appeal and he has shown cause for failure to do so. "In order to justify the failure to raise an issue during trial and direct appeal based on a subsequent change in the law, the state of the law must have been such that the legal basis for the claim was not reasonably available when the matter should have been raised." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir.1999), *cert. denied,* 529 U.S. 1010, 120 S.Ct. 1283, 146 L.Ed.2d 230 (2000). According to the Supreme Court and the Fourth Circuit, that is precisely the case at hand. *Apprendi, supra; Angle, supra; Evans v. Smith,* 220 F.3d 306, 323 (4th Cir.2000) **(The federal *habeas* statute "affords an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claims, if meritorious, would sufficiently undermine confidence in the judgment at issue.");** *United ed States v. Pitt,* 953 F.Supp. 737, 739 (W.D.Va.1997) **("[D]efendant has shown adequate cause for his failure to raise this issue at trial, sentencing, or direct appeal, because *Bailey* was decided after his appeal."),** *aff'd,* 131 F.3d 138 (table), 1997 WL 727585 (4th Cir.1997), *cert. denied,* 523 U.S. 1053, 118 S.Ct. 1375, 140 L.Ed.2d 523 (1998).

■ However, Petitioner must also have shown actual prejudice; *i.e.,* that "the constitutional errors raised in the petition actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Again, the language of the Fourth Circuit shows that Petitioner has made this showing. "This failure [to prove the essential element beyond a reasonable doubt] is a breach of the right to a trial by jury, resulting in a lack of accuracy and the denial of a bedrock procedural element essential to fairness. It is also a structural error that deprives a defendant of a fundamentally fair trial." *Adams,* 41 F.3d at 178–79. Structural error is *per se* prejudicial. *Sustache–Rivera v. United States,* 221 F.3d 8, 17 (1st Cir.2000); *United States v. David,* 83 F.3d 638, 647 (4th Cir.1996); *United States v. Pitt, supra.*

Indeed, the language used by the Supreme Court in *Apprendi* describes the holding as impacting "fundamental fairness." *Apprendi, supra.* Thus, the Petitioner has also shown actual prejudice.

**IT IS, THEREFORE, ORDERED** that the Government's motion to reconsider is hereby **DENIED**.