**Yhan RIVERA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 00 Civ. 8530(CLB).
No. S4 91 CR. 281–06–CLB.

United States District Court,
S.D. New York.

March 27, 2001.

Yahn Rivera, FCI–Lisbon, Lisbon, OH, Pro se.

Mary Jo White, United States Attorney by John P. Collins, Jr., A.U.S.A., White Plains, NY, for United States of America, Respondent.

*MEMORANDUM & ORDER*

BRIEANT, District Judge.

Before this Court for decision is a motion pursuant to 28 U.S.C. § 2255 to set a conviction previously rendered in this Court on July 27, 1992.

After a jury trial Mr. Rivera and others were convicted of conspiracy to possess with intent to distribute cocaine base (crack). Mr. Rivera was also convicted on seven substantive counts of possession of cocaine and/or cocaine base with intent to distribute. The conviction was affirmed by the Court of Appeals on December 3, 1993 *sub nom. United States v. Wilson*, 11 F.3d 346 (2d Cir.1993).

This petition presents two grounds, the first being the denial of effective assistance of counsel, and the second a denial of due process under the new rule of law established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999). By a Memorandum decision and Order dated January 9, 2001, this Court denied all relief on the first ground, as time-barred in addition to being frivolous. Familiarity with that decision on the part of the reader is assumed.

The Court now adverts to the second ground claimed for relief, namely that the amount of drugs involved in the charges were not determined by the jury.

■ The sole issue before the Court is whether the amount of cocaine which was the object of the conspiracy, or which was possessed in connection with the substantive counts of conviction was an element of the crime which had to be proved beyond a reasonable doubt to the satisfaction of the trial jury, or merely a fact to be determined at sentencing by the Court according to the preponderance of the evidence.

The rule stated in *Apprendi* was that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 120 S.Ct. at 2362–63. The New Jersey statute considered in *Apprendi* provided that the maximum term of imprisonment was increased from ten years to twenty years if the sentencing judge found, by a preponderance of the evidence, that the defendant acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity. The Supreme Court held in *Apprendi* that the finding of a "purpose to intimidate" was "the functional equivalent of an element of a greater offense." *Apprendi* at 2365 n. 19. Unlike *Apprendi*, Mr. Rivera did not receive a sentence "beyond the maximum authorized statutory sentence" that would have been proper absent the finding of an additional factual element.

■ This Court agrees with the Government's contention that the rule of *Apprendi* will not be applied retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Assuming for purposes of the argument that *Apprendi* is retroactively applicable and may not be distinguished on its facts, Petitioner is unable to show actual prejudice resulting therefrom or that he is actually innocent of the crime of which he is convicted. *See DeJesus v. United States*, 161 F.3d 99, 102 (2d Cir.1998); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

In any event, Rivera's case is squarely outside the verbalized structure of *Apprendi;* Rivera's sentence was within the statutory maximum; the statutory maximum was not enhanced by any finding made by the sentencing judge, and the underlying facts concerning the Sentencing Guideline computation of Mr. Rivera's sentence were not challenged on direct appeal. The maximum sentence of each count was 240 months, and since the Sentencing Guidelines called for a 336 month

term of imprisonment, the Court was required under the Sentencing Guidelines (Section 5 G1.2(d)) to "stack" sentences on each count to be served consecutively to the extent necessary to achieve the total term of imprisonment prescribed by the Guidelines. Doing so does not violate due process or the rule of *Apprendi*. *See United States v. White*, 240 F.3d 127, 135 (2d Cir.2001).

It was earlier decided law in the Second Circuit that "the quantity of the drug involved in cases such as this is *not* an element of the offense to be determined by the jury beyond a reasonable doubt." *United States v. Thomas*, 204 F.3d 381, 383 (2d Cir.2000), decided before *Apprendi* and vacated and remanded in light of *Apprendi*. See *Thomas v. United States*, —— U.S. ——, 121 S.Ct. 749, 148 L.Ed.2d 653 (2001). *White*, decided after *Apprendi*, does not deal directly with the issue of finding the quantity of the drugs, because in that case the quantity had been stipulated. The stipulation included quantities involved in uncharged prior sales, as required by the Sentencing Guidelines in order that the sentence represent total offense behavior. The Court of Appeals in *White* clearly decided, however, that the rule of *Apprendi* does not apply even in a situation of stacking counts (consecutive sentences) so long as the sentences imposed do "not exceed the maximum for any individual count." *Id.* at 135. Rivera's case may not be distinguished from *White*.

### Conclusion

The petition is denied as a matter of law because the rule of *Apprendi* and *Jones* does not require relief in the context of this case. The sentences imposed were within the statutory maximum, the amount of drugs is not an element of the crime charged, but rather a sentencing fact which may be determined by the Court by a preponderance of the credible evidence, and the rule of *Apprendi* is in any event inapplicable to cases on collateral review.

SO ORDERED.