Thomas **WRIGHT**,

v.

**UNITED STATES of America.**

No. 5:01–CV–544.

United States District Court, N.D. New York.

Aug. 17, 2001.

Thomas Wright, FCI McKean, Bradford, PA, Pro Se Plaintiff.

Hon. Joseph A. Pavone, United States Attorney, for Defendant, Northern District of New York, Syracuse, Stephen Charles Green, Assistant U.S. Attorney, Of Counsel.

## MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

### I. BACKGROUND

Petitioner Thomas Wright ("Petitioner" or "Wright"), pro se, has filed a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255. Wright relies upon the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and asserts that his sentence should be vacated and set for resentencing because the government failed to prove the drug type and amount beyond a reasonable doubt. The Government opposes Wright's motion. This motion was considered on submission of the papers without oral argument. For the reasons set forth below, this motion is denied.

### II. FACTS

On January 31, 1996, Wright, along with a number of other defendants, was indicted for conspiring to distribute and possess with intent to distribute cocaine and in excess of fifty grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846 and 841(a)(1). The matter went to trial and a jury convicted Wright of the conspir-

acy charge on April 16, 1997. After determining at least one and a half kilograms of cocaine base to be attributable to Wright, the District Court sentenced him to 235 months of imprisonment, followed by five years of supervised release. Wright appealed his conviction, which was affirmed in an unpublished opinion, *United States v. Giles*, 210 F.3d 356 (2d Cir.2000) (Table, Text found at 2000 WL 509877) [1], on April 13, 2000, by the Second Circuit Court of Appeals.

## III. *DISCUSSION*

Under 28 U.S.C. § 2255, "[a] prisoner in custody under [the] sentence of a court ... [who] claim[s] the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In the instant case, petitioner asserts that his sentence, which was imposed by the District Court without submitting the issues of drug type or drug amount to the jury, is in violation of the Constitution of the United States. To support this claim, petitioner relies on the recent Supreme Court decision of *Apprendi*, which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the proscribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348; *see also*

*United States v. Breen*, 243 F.3d 591, 599 (2d Cir.2001).

### A. *Retroactivity*

■ New rules of constitutional criminal procedure are generally not applied retroactively on collateral review. *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *see also United States v. Mandanici*, 205 F.3d 519, 525 (2d Cir.2000), *cert. denied*, 531 U.S. 879, 121 S.Ct. 190, 148 L.Ed.2d 132 (2000). However, in *Teague*, the Supreme Court recognized two categorical exceptions to this rule. 489 U.S. at 311, 109 S.Ct. 1060; *see also Mandanici*, 205 F.3d at 525. The first exception includes any new rules which place an entire category of primary conduct beyond the reach of the criminal law, or which protect a class of defendants from the imposition of a certain type of punishment because of their status or offense. *Teague*, 489 U.S. at 311, 109 S.Ct. 1060; *see also Mandanici*, 205 F.3d at 525. The second category encompasses new watershed rules of criminal procedure that are necessary to the fundamental fairness of the criminal proceeding. *Teague*, 489 U.S. at 311, 109 S.Ct. 1060; *see also Mandanici*, 205 F.3d at 525. This exception is necessarily narrow because the "[a]pplication of [ ] constitutional rules not in existence at the time a conviction bec[omes] final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." *Sawyer v. Smith*, 497 U.S. 227, 242, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990).

■ Petitioner claims that *Apprendi* falls within the narrow scope of the second

---

1. For cases in which the decision of the court is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by a written opinion, the disposition may be made in open court or by summary order. A brief oral or written statement may be appended to this disposition.

Because these statements do not constitute formal opinions of the court and not reported or uniformly available to all parties, they shall not be cited in unrelated cases before any court. U.S.Ct. of App.2d Cir. Rule 0.23, 28 U.S.C.A.

category of exceptions and is therefore applicable to his case retroactively. The Second Circuit has not yet addressed the question of whether *Apprendi* should be considered a "watershed rule," falling within the *Teague* exceptions. However, every Circuit Court which has considered this question has held that *Apprendi* should not be applied retroactively on collateral review. *United States v. Sanders,* 247 F.3d 139, 146 (4th Cir.2001); *Jones v. Smith,* 231 F.3d 1227, 1236 (9th Cir.2001); *see, e.g., Abdullah v. United States,* 240 F.3d 683, 687 (8th Cir.2001)(holding that petitioner was barred from bringing *Apprendi* claim on second or successive motion to vacate because Supreme Court had not made *Apprendi* retroactive to cases on collateral review); *Browning v. United States,* 241 F.3d 1262, 1266–67 (10th Cir. 2001); *In re Joshua,* 224 F.3d 1281, 1283 (11th Cir.2001). Most district courts which have addressed this issue, including one within the Second Circuit, have concurred on these holdings. *See e.g., Rivera v. United States,* 136 F.Supp.2d 263, 264–65 (S.D.N.Y.2001); *United States v. Jones,* No. 3–98–CR–0303–P, 3–01–CV–0050–P, 2001 WL 493171, at *2 (N.D.Tex. May 8, 2001); *Levan v. United States,* 128 F.Supp.2d 270, 275–76 (E.D.Pa.2001); *Ware v. United States,* 124 F.Supp.2d 590, 599 (M.D.Tenn.2000); *United States v. Johnson,* 126 F.Supp.2d 1222, 1226 (D.Neb.2000); *United States v. Joseph,* No. CRIM.A.96–275, 2000 WL 1789989, at *2 (E.D.La. Dec.5, 2000); *United States v. Pittman,* 120 F.Supp.2d 1263, 1270–71 (D.Or.2000); *see also United States v. Moore,* 198 F.R.D. 39, 40 (N.D.N.Y.2000)(noting that the weight of case law is against applying *Apprendi* retroactively). *But see Darity v. United States,* 124 F.Supp.2d 355, 360–61 (W.D.N.C.2000); *United States v. Murphy,* 109 F.Supp.2d 1059, 1064 (D.Minn. 2000).

In accordance with the clear weight of authority, *Apprendi* is not applicable retroactively to Wright. Therefore, Wright's motion is denied. Moreover, even if *Apprendi* were to be applied retroactively, petitioner's motion would fail because the facts of his case do not assert an *Apprendi* violation.

### B. *Apprendi Requirement*

■ In *Apprendi,* the Supreme Court announced that any fact, other than a prior conviction, which increases the penalty for a crime beyond the *statutorily prescribed maximum penalty,* must be submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348 (emphasis added); *see also Breen,* 243 F.3d at 599. This holding does not alter the sentencing judge's traditional authority to determine any facts which may be relevant when selecting the appropriate sentence within the statutory maximum. *United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.2001).

■ Wright was sentenced to a term of 235 months (19 years, 7 months) under 21 U.S.C. § 841(b)(1)(c), which provides for a maximum sentence of twenty years for any cocaine conviction, regardless of the quantity or type of cocaine manufactured, distributed, dispensed, or possessed, by the defendant. *Apprendi* is violated "only if the sentencing court's findings increase the penalty faced by the defendant above the statutory maximum for the given count, and not if they merely affect the length of the sentence within the statutory range". *United States v. White,* 240 F.3d 127, 136 (2d Cir.2001); *Santana–Madera v. United States,* 260 F.3d 133 (2d Cir. 2001). Therefore, the fact that the District Court Judge in the instant case determined the quantity and type of cocaine herself, rather than submitting the issue to the jury, does not constitute an *Apprendi*

violation because the sentence imposed on Wright is within the statutorily prescribed maximum.

Wright's motion to vacate his sentence under 28 U.S.C. § 2255 based on the Supreme Court's holding in *Apprendi* is denied. Because Wright's sentence of 235 months is within the statutorily prescribed maximum of twenty years, there is no *Apprendi* violation.[2]

## IV.  CONCLUSION

Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 is denied because *Apprendi* is not retroactively applicable to cases on collateral review. Further, even if *Apprendi* was retroactive, it is not applicable in the instant case because there was no violation of *Apprendi's* jury requirement, in that Wright's sentence was within the statutorily prescribed maximum.

Accordingly, it is

ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence is DENIED.

IT IS SO ORDERED.

---

2.  Petitioner additionally argues that his sentence should be vacated because: (1) the District Court lacked subject matter jurisdiction; and (2) the petitioner was denied his right to a unanimous verdict. The Government argues that Wright is procedurally barred from bringing an *Apprendi* claim because he failed to raise it at trial or on direct appeal. However, these arguments hinge on *Apprendi's* holding being applicable to the case at hand. Because *Apprendi* is not applicable to the petitioner's case, these claims are moot.