**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Lee EVANS, Defendant–
Appellant.**

No. 01–6192.

United States Court of Appeals,
Sixth Circuit.

Aug. 13, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; WEBER, District Judge.*

James Lee Evans, proceeding pro se, appeals a district court judgment denying his motion for a reduction of his sentence filed pursuant to Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1987, a jury convicted Evans of conspiring to possess with intent to distribute and to distribute marijuana and cocaine (count 1) in violation of 21 U.S.C. §§ 841 and 846, conspiring to import marijuana (count 2) in violation of 21 U.S.C. § 963, and possessing marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (count 35). The district court sentenced him to a total of fourteen years of imprisonment. A panel of this court

affirmed Evans's convictions and sentence. *United States v. Evans*, Nos. 87–5894, etc., 1988 WL 131469 (6th Cir. Dec.12, 1988). Subsequently, Evans filed two separate motions to vacate his sentence under 28 U.S.C. § 2255. The district court denied both motions.

In July 2001, Evans filed his current Rule 35 motion, essentially arguing that: 1) the government did not present sufficient evidence to support his conviction for conspiring to possess and distribute cocaine; 2) the jury verdict is ambiguous as to which drug Evans was convicted of conspiring to distribute; and 3) his sentence is illegal in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court denied the Rule 35 motion as meritless for the reasons expressed in the government's response to the motion.

Evans has filed a timely appeal, essentially reasserting his claims. He also argues, for the first time, that the district court exceeded its jurisdiction when it sentenced him for offenses that he was never charged with committing.

Initially, we note that Evans did not raise his claim that the district court exceeded its jurisdiction in his Rule 35 motion below. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case. Thus, we will not address this argument.

In addition, contrary to Evans's argument on appeal, the district court did not err when it summarily denied his Rule 35 motion. The district court's order reflects

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

that it had relied on the reasoning set forth in the government's response to Evans's Rule 35 motion.

Upon review, we conclude that the district court properly denied Evans's Rule 35 motion. This court reviews a district court's denial of such a motion for an abuse of discretion. *See United States v. Ursery,* 109 F.3d 1129, 1137 (6th Cir.1997).

Evans is not entitled to relief on his first claim because it exceeds the scope of Rule 35 which is limited to attacks on sentences that are illegal. *Johnson v. United States,* 334 F.2d 880, 883 (6th Cir.1964). A movant cannot revisit alleged errors made at trial or at other proceedings prior to the imposition of a sentence. *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Hence, the district court properly denied Evans's Rule 35 motion as to this claim.

Evans is not entitled to relief on his claim that the jury's verdict was ambiguous. When a count charges a conspiracy to distribute more than one drug, the jury verdict is not ambiguous when the drugs are joined together by the word "and." *United States v. Neuhausser,* 241 F.3d 460, 469 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 181, 151 L.Ed.2d 125 (2001). Here, Evans was charged with conspiring to distribute both cocaine *and* marijuana. Because the drugs were joined together by the word "and" the jury verdict was not ambiguous in this instance. The remaining counts of the indictment only charged Evans with attempting to distribute marijuana.

Finally, the district court properly denied Evans's Rule 35 motion with respect to his third claim. Evans essentially argued that his sentence was illegal in light of *Apprendi.* However, Evans is not entitled to relief on this claim because the great weight of authority holds that *Apprendi* is not available for retroactive application on collateral review. *See, e.g., McCoy v. United States,* 266 F.3d 1245, 1258 (11th Cir.2001), *cert denied,* —— U.S. ——, —— S.Ct. ——, 153 L.Ed.2d 183, 2002 WL 1271048 (U.S. June 10, 2002); *United States v. Moss,* 252 F.3d 993 (8th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders,* 247 F.3d 139, 146–51 (4th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001); *Levan v. United States,* 128 F.Supp.2d 270, 275–76 (E.D.Pa.2001) (listing cases); *but see United States v. Murphy,* 109 F.Supp.2d 1059 (D.Minn.2000); *Darity v. United States,* 124 F.Supp.2d 355 (W.D.N.C.2000).

Evans argued, in the alternative, that he should have been sentenced on each count for the distribution of a "measurable amount of marijuana for no remuneration." However, the jury clearly convicted Evans for his participation in a conspiracy to import and distribute large quantities of marijuana. He was not merely convicted of possessing a "measurable amount of marijuana for no remuneration." Hence, he was properly sentenced.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.