**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hector RAMIREZ, Defendant– Appellant.**

No. 02–5600.

United States Court of Appeals, Sixth Circuit.

July 10, 2003.

315

Before BOGGS and GILMAN, Circuit Judges; and DOWD, District Judge.*

### ORDER

This is a direct appeal from a district court judgment denying the relief sought in a motion to correct an illegal sentence filed on the authority of the version of Fed.R.Crim.P. 35 applicable to crimes committed on or before November 1, 1987. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, a jury found Hector Ramirez guilty of possessing cocaine with intent to distribute and of conspiracy. A panel of this court affirmed Ramirez's conviction and thirty year sentence on direct appeal. *United States v. Ramirez*, 871 F.2d 582 (6th Cir.1989). Ramirez filed a pre-November 1, 1987 Criminal Rule 35 motion to correct an illegal sentence in 2001. The matter was referred to a magistrate judge who recommended that the motion should be denied. The district court adopted this recommendation, over Ramirez's objections, and this appeal followed.

The record shows that Ramirez was convicted of conspiring to possess cocaine, in violation of 21 U.S.C. § 846, and of possessing approximately seven kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), after having been convicted of a prior felony drug offense. These offenses were committed prior to November 1, 1987, yet the penalty provisions in existence then per-

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

mitted a maximum prison term of twenty years to life for a violation of § 841(a)(1) involving more than five kilograms of cocaine (21 U.S.C. § 841(b)(1)(A)) and thirty years for an offense involving unspecified amounts of cocaine and a prior drug felony conviction (21 U.S.C. § 841(b)(1)(C)). The law also allowed for the imposition of a period of supervised release where, as here, the commission of the offense occurred between October 27, 1986, and November 1, 1987. *Gozlon–Peretz v. United States,* 498 U.S. 395, 409, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991). The district court did impose the maximum thirty year term on Ramirez for each count of conviction, with a ten year period of supervised release, and a panel of this court affirmed the conviction on direct appeal.

Ramirez did not file any collateral challenge to his conviction or sentence until he filed the present motion to correct an illegal sentence under the version of Criminal Rule 35(a) applicable to offenses committed prior to November 1, 1987. Ramirez contends that his thirty year sentence is illegal in light of the holding in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it exceeded the statutory maximum by ten years. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Ramirez sought to be re-sentenced either to a guideline term of 121–135 months or to the claimed statutory maximum of twenty years. The magistrate judge to whom the matter was referred concluded that the holding of *Apprendi* was inapplicable on collateral review and, in any case, Ramirez's sentence did not implicate unproven sentencing elements that took a sentence beyond a statutory maximum.

The district court adopted this report and recommendation, over Ramirez's objections, and this appeal followed. Ramirez reasserts his original grounds for relief on appeal.

■ It is initially noted that, although not binding on another panel of this court, a panel of the Sixth Circuit has concluded that *Apprendi* relief is not available under the prior version of Criminal Rule 35(a) to a movant in Ramirez's position. *United States v. Evans,* No. 01–6192, 2002 WL 1869444, 42 Fed.Appx. 801 (6th Cir. Aug.13, 2002) (order), *cert. denied,* —— U.S. ——, 123 S.Ct. 1614, 155 L.Ed.2d 344 (Mar. 24, 2003). In addition, the district court, through the report of the magistrate judge, properly observed that Ramirez was on notice that he could be subject to a statutory thirty year sentence owing to his prior felony drug conviction or to the amount of cocaine (approximately seven kilograms) that was pleaded and proven at trial. These sentences therefore did not exceed any statutory maximum within the meaning of *Apprendi.* Finally, to the extent that Ramirez's motion may be viewed as a collateral challenge to his sentence based on *Apprendi,* this court has held that *Apprendi* is not retroactively applicable in this context, even to cases on initial collateral review. *Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* 537 U.S. 1096, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.