**In re Walter HILL, Petitioner.**

No. 97–1156.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1997.

Barry Fisher, Palmer C. Singleton, Atlanta, GA, for Appellant/Petitioner.

Beth Jackson Hughes, Assistant Attorney General, Montgomery, AL, for Appellee/Respondent.

Before HATCHETT, Chief Judge, and COX and BLACK, Circuit Judges.

PER CURIAM:

Walter Hill, an Alabama inmate convicted of capital murder and sentenced to death, seeks permission to file a successive habeas corpus petition in the United States District Court for the Northern District of Alabama. As we conclude the claim advanced by Hill does not satisfy the criteria set out in 28 U.S.C. § 2244(b)(2), we deny the application.

*PROCEDURAL HISTORY*

Walter Hill was sentenced to death after an Alabama jury convicted him of murdering Willie Mae Hammock, John Tatum, and Lois Tatum in January of 1977. In *Hill v. Jones,* 81 F.3d 1015 (11th Cir.), *reh'g and suggestion for reh'g en banc denied,* 92 F.3d 1202 (11th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 967, 136 L.Ed.2d 851 (1997), we affirmed the denial of habeas corpus relief as to Hill's murder convictions and death sentence. The procedural history, evidence, and facts in the case are summarized more fully in our prior opinion.

On February 18, 1997, the United States Supreme Court denied Hill's petition for a writ of certiorari, which sought review of our decision denying the first federal habeas corpus petition. Three days later, the State of Alabama moved the Alabama Supreme Court to set an execution date. On March 31, 1997, the Alabama Supreme Court determined that Hill would be executed at 12:01 a.m. on May 2, 1997.

Meanwhile, on March 20, 1997, Hill had filed his third state post-conviction petition in the Circuit Court of Jefferson County ("trial court") pursuant to Rule 32 of the Alabama

Rules of Criminal Procedure. The petition filed by Hill challenged, among other things, the validity of a reasonable doubt instruction requested by Hill's attorney and given by the court.[1] On the following day, the court summarily denied the petition, citing various procedural bars incorporated into Rule 32. In a decision issued on April 22, 1997, the Alabama Court of Criminal Appeals affirmed the trial court's decision. *Hill v. State,* —— So.2d ——, No. CR–96–1215 (Ala.Crim.App. Apr. 22, 1997). On April 23, 1997, the Court of Criminal Appeals denied Hill's petition for rehearing. On May 1, 1997, the Alabama Supreme Court denied Hill's petition for writ of certiorari, having denied the stay of execution on April 30, 1997.

## DISCUSSION

### *Applicability of § 2244(b)(2) Exceptions to the Bar Against Successive Petitions*

 On April 24, 1997, Hill lodged with this Court a motion for permission to file a second or successive habeas corpus petition. After the Alabama Supreme Court denied certiorari, the motion was filed in this Court on May 1, 1997. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a second or successive habeas petition containing new claims may be filed only if:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish

by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). In the first instance, a three-judge panel of the court of appeals must assess whether an applicant has made a prima facie showing that these requirements are satisfied. 28 U.S.C. § 2244(b)(3).

Hill's application seeks an order from this Court authorizing the district court to consider a successive petition raising what Hill describes as a claim under *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990).[2] In particular, Hill contends that the Alabama trial court deprived him of due process by improperly instructing the jury with regard to reasonable doubt during the capital trial. According to Hill, the instruction repeatedly and erroneously intimated that the State of Alabama need not prove his guilt beyond a reasonable doubt. Although Hill did not assert the allegedly flawed jury instruction as a basis for relief in his first federal habeas petition, he maintains that his *Cage* claim is exempt from the successive petition bar because it relies upon a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A).[3]

The central issue in the present case concerns whether the *Cage* claim Hill seeks to raise before the district court was "previously unavailable" within the meaning of the AEDPA. In general, we have interpreted the term "previously unavailable" with reference to the availability of the claim at the time the first federal habeas application was filed. *See, e.g., In re Medina,* 109 F.3d 1556, 1566 (11th Cir.1997); *Felker v. Turpin,* 83

---

**1.** The State of Alabama argues there is no error in the instruction given, but even if there were it would be invited error.

**2.** In light of our disposition, we make no determination whether the claim is truly a *Cage* claim.

**3.** Hill does not, and could not, contend that his successive petition contains a claim "the factual predicate [of which] could not have been discovered previously through the exercise of due diligence" within the meaning of § 2244(b)(2)(B)(i). The factual predicate of the *Cage* claim, the jury

instructions delivered by the trial court, has been available on the record since the trial. Nor does Hill suggest that the facts underlying the claim, if proven, would establish by clear and convincing evidence that, "but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii). Accordingly, to file a successive petition under AEDPA, Hill is limited to the exception to the successive petition bar contained in § 2244(b)(2)(A).

F.3d 1303, 1306 (11th Cir.1996). Hill therefore draws our attention to the fact that he filed his first federal habeas petition on April 13, 1990, which preceded the Supreme Court's issuance of its decision in *Cage* by precisely seven months.

As our prior decisions illustrate, however, we have eschewed reliance upon any mechanistic test when assessing availability. Rather, our precedent establishes that a petitioner intent upon establishing the "unavailability" of a claim based upon a new rule of constitutional law may also be required to demonstrate the infeasibility of amending a habeas petition that was pending when the new rule was announced. For example, in *Felker v. Turpin,* we rejected an attempt to include a *Cage* claim in a successive habeas petition based, at least in part, upon Felker's failure to seek amendment of a petition that was pending when the particular Supreme Court decision relied upon was issued. 83 F.3d at 1306. The pragmatic approach we have adopted properly recognizes that the liberal amendment policy applicable to habeas petitions may make claims based upon new rules of constitutional law "available" to the petitioner during a prior habeas action, even when the claim would not have been available at the inception of that prior action. *See Felker,* 83 F.3d at 1306 (emphasizing that amendments to habeas petitions are freely permitted).

The above principles assume particular significance in the present context because of the history of Hill's first federal habeas proceeding. As recounted in *Hill v. Jones,* 81 F.3d 1015, 1019 (11th Cir.1996), Hill filed his first federal petition for habeas corpus relief in the United States District Court for the Northern District of Alabama on April 12, 1990. By order dated April 17, 1990, the district court provided that Hill would be permitted to add any claims that were submitted within the next thirty days. On May 17, 1990, Hill filed his amended habeas petition advancing seventeen grounds for relief. Seven months later, shortly after the Supreme Court issued its decision in *Cage,* the district court *sua sponte* suggested that Hill might want to raise an ineffective assistance of counsel claim based upon his current attorney's failure to pursue certain claims in a 1985 coram nobis petition. On August 20, 1991, the district court again encouraged further filings by ordering the parties to submit briefs on the procedural default issues. Hill submitted his supplemental brief on September 20, 1991, nearly one year after *Cage* was decided. The district court retained jurisdiction over the case for another two and one-half years until Hill's petition was finally denied in a lengthy and comprehensive order issued on April 13, 1994.

Apparently, the district court's issuance of the order spurred Hill to action. On April 28, 1994, fifteen days after the court denied his first federal habeas petition, Hill filed a "Second Amended Petition for Writ of Habeas Corpus." At the same time, Hill filed motions to alter or amend the judgment and for an evidentiary hearing. On June 8, 1994, the district court struck the second amended petition and supplemental evidentiary materials as untimely in light of its April 17, 1990 order. In support of its decision to strike the amended petition, the district court specifically noted that Hill had "neither sought nor obtained permission to amend his petition a second time." In any event, the court indicated that its examination of the purported amendment revealed nothing that was not known, or which could not have been discovered through due diligence, prior to the filing of the original petition in April of 1990.

In view of the facts set out above, we must reject Hill's contention that the *Cage* claim he seeks to assert in a successive habeas petition was "previously unavailable" during the pendency of his first federal habeas petition. Although the Supreme Court had not decided *Cage* when Hill instituted his first federal habeas proceeding on April 12, 1990, the decision issued just seven months later. In fact, from the time the Supreme Court decided *Cage,* Hill's habeas petition remained in the district court for another three and one-half years. Although the district court continued to invite further amendment during that time period, Hill never displayed the slightest interest in advancing new claims, whether pursuant to *Cage* or any other authority. For instance, recall that Hill declined the district court's December 1990 in-

vitation to add an ineffective assistance of counsel claim to his petition. In addition, Hill never proposed amending his petition to state new claims when the district court solicited supplemental briefing from the parties in August of 1991. Moreover, as the district court suggested in its June 8, 1994 order, Hill could have moved to amend his petition pursuant to Federal Rule of Civil Procedure 15(a) at any time prior to the denial of the petition on April 13, 1994. *See* Fed.R.Civ.P. 15(a) (providing that "leave [to amend] shall be freely given when justice so requires"). Hill did not include the *Cage* claim in his untimely "Second Amended Petition."[4] Even at that late stage, the district court exhibited a willingness to consider claims that could not have been raised previously. In sum, despite ample opportunity during the pendency of this first federal habeas petition, Hill declined to raise his *Cage* claim until now, the eve of his scheduled execution. Accordingly, we find that the circumstances of this case conclusively refute Hill's contention that his *Cage* claim was "previously unavailable" within the meaning 28 U.S.C. § 2244(b)(2)(A).

 In addition, Hill's *Cage* claim does not satisfy the requirement that any new rule of constitutional law relied upon must have been "made retroactive to cases on collateral review *by the Supreme Court.*" 28 U.S.C. § 2244(b)(2)(A) (emphasis added). In *Nutter v. White,* 39 F.3d 1154, 1157–58 (11th Cir. 1994), we subjected the *Cage* rule to the analysis prescribed by *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Based upon that analysis, this Court made *Cage* retroactive to cases on collateral review. *Nutter,* 39 F.3d at 1157–58. To proceed under the § 2244(b)(2)(A) exception to the bar against successive petitions, however, more is required. Specifically, the applicant must establish that the Supreme Court has made the new rule of constitution-

al law retroactively applicable to cases on collateral review. The application filed by Hill does not satisfy this requirement. Consequently, we conclude that Hill's *Cage* claim does not qualify for an exception to the bar against successive petitions.[5]

### CONCLUSION

In accordance with the foregoing, we deny Hill's application for permission to file a successive habeas petition in the district court.[6]

DENIED.

---

**4.** The State of Alabama declares in its response to the application for a successive petition that Hill raised the *Cage* claim for the first time in his "Second Amended Petition." Response at 3 n. 3, 7. We have thoroughly reviewed that petition and find neither a reference to *Cage* nor any attempt to assert such a claim.

**5.** The State of Alabama also urges this Court deny the application on the ground that any *Cage* claim that Hill attempted to raise in federal court would be procedurally defaulted. Given our disposition, we find it unnecessary to decide that issue.

**6.** As a result, Hill's Motion for a Temporary Stay is also denied.