**In re: Benhurshan JOSHUA, Petitioner.**

No. 00–14328
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 2000.

Benhurshan Joshua, Coleman, FL, pro se.

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

Benhurshan Joshua applies for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[1] Because we find that Joshua's second motion does not contain a claim that relies on a new rule of constitutional law made retroactive to cases on collateral review, we deny his application.

According to his application, Joshua was convicted on two counts of possession with intent to distribute cocaine and sentenced to 240 months' imprisonment. On direct appeal, this Court affirmed Joshua's conviction and sentence. Subsequently, Joshua filed a § 2255 motion in the district court, asserting that his counsel had been ineffective. The district court denied Joshua's motion. Joshua now seeks permission from this Court to file a second § 2255 motion attacking his conviction and sentence.

Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. *See* 28 U.S.C. §§ 2255,

---

1. As amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1220–21 (1996).

2244(b)(3). Such authorization may be granted only if the court of appeals certifies that the second or successive motion contains a claim relying on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255.

In his application, Joshua asserts that drug quantity and drug type are elements of an offense that must be charged in an indictment and submitted to a jury. Because Joshua's indictment did not specify a drug quantity, Joshua asserts that the district court should not have enhanced his sentence based upon this factor. In addition, Joshua asserts that the indictment in his case charged distribution of cocaine, not distribution of "crack," a specific form of cocaine base. Accordingly, Joshua argues that the sentencing court erred in applying an enhanced sentence for distribution of crack cocaine. In support of his claims, Joshua relies on *Apprendi v. New Jersey,* —— U.S. ——, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), contending that it created a new rule of constitutional law made retroactive to cases on collateral review.

In *Apprendi,* the defendant pled guilty to second-degree possession of a firearm for an unlawful purpose and third-degree unlawful possession of an antipersonnel bomb. 120 S.Ct. at 2352. Under New Jersey law, possession of a firearm for an unlawful purpose carried a term of im-

prisonment between five and ten years. A separate statute, described by the New Jersey courts as a hate-crime statute, provided for an extended term of imprisonment if the trial judge found, by a preponderance of the evidence, that "[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity." *id.* at 2351 (citing N.J. Stat. Ann. § 2C:44–3(e) (West Supp.2000)). The hate-crime statute authorized an increased term of imprisonment of 10 to 20 years. At sentencing, the trial judge determined that the hate-crime enhancement applied, and sentenced Apprendi to 12 years' imprisonment. Apprendi filed a direct appeal attacking the enhancement of his sentence under the hate-crime statute. Apprendi contended that the hate-crime issue had not been submitted to the jury and, therefore, the court erred in applying the enhancement. The New Jersey Supreme Court affirmed the conviction and sentence, and the United States Supreme Court granted a writ of certiorari. The Supreme Court reversed, holding that because the enhancement under the hate-crime statute increased Apprendi's maximum statutory penalty, the issue should have been submitted to the jury and proven beyond a reasonable doubt. *See Id.* at 2362–63.[2]

Only the First Circuit has addressed whether *Apprendi* created a new rule of constitutional law made retroactive to cases on collateral review, pursuant to § 2255. *See Sustache–Rivera v. United States,* 221 F.3d 8 (1st Cir.2000). In that case, Sustache–Rivera previously had filed a § 2255 motion attacking his con-

---

**2.** An initial question arises as to whether *Apprendi* is applicable on the merits of this case because it appears from Joshua's application that his sentence of 240 months did not exceed the statutory maximum under 21 U.S.C. § 841(b)(1)(C). In addition, this Court has not determined whether *Apprendi* applies beyond those cases involving the interaction of two separate statutes. It is unnecessary for this Court to answer either of these questions in the present case, however, because they are not relevant to whether Joshua can obtain permission to bring a second or successive § 2255 motion to vacate. Accordingly, our determination today addresses only whether *Apprendi* has been made retroactive to cases on collateral review, pursuant to 28 U.S.C. §§ 2255, 2244(b)(2)(A).

viction and sentence. After the Supreme Court issued its decision in *Apprendi*, Sustache–Rivera filed an application in the First Circuit Court of Appeals seeking permission to file a second § 2255 motion based on the Supreme Court's decision in *Apprendi*. The First Circuit denied permission. The First Circuit held that the Supreme Court had not made *Apprendi* retroactive to cases on collateral review and, therefore, a claim based on *Apprendi* could not satisfy the second or successive motion requirements of § 2255. *See id. at 15.*

 We agree with the First Circuit that the Supreme Court has not declared *Apprendi* to be retroactive to cases on collateral review.[3] For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review. *See In re Hill,* 113 F.3d 181, 184 (11th Cir.1997) (applying § 2244(b)(2)(A) in the context of an application to file a second or successive § 2254 petition). It is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit or that it satisfies the criteria for retroactive application set forth by the Supreme Court in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Hill,* 113 F.3d at 184. To date, the Supreme Court has not declared that *Apprendi* be applied retroactively to cases on collateral review. Moreover, even assuming *arguendo* that application of a new rule by the Supreme Court in a case on collateral review is sufficient to make that new rule apply retroactively, that has not occurred here. *Apprendi* was decided in the context of a direct appeal, and the Supreme Court has not applied it in a case on collateral review.

For these reasons, we find that Joshua's application does not satisfy the requirements of 28 U.S.C. § 2255, and thus, we deny his application for leave to file a

second or successive motion to vacate, set aside, or correct his sentence.

APPLICATION DENIED.

---

**3.** Because we find that the holding in *Apprendi* has not been made retroactive by the Supreme Court, we need not decide whether it is a new rule of constitutional law under 28 U.S.C. §§ 2255, 2244(b)(2)(A).