UNITED STATES of America,
Plaintiff,

v.

Oscar ALVAREZ–RAMIREZ,
Defendant.

No. CV00–10774–R.
No. CR94–0788–R.

United States District Court,
C.D. California.

Jan. 22, 2001.

Christopher Brunwin, U.S. Attorney's Office, Los Angeles, California, for plaintiff.

Oscar Alvarez–Ramirez, TCI–Camp (A4A), Taft, California, defendant pro se.

## OPINION

REAL, District Judge.

Petitioner Oscar Alvarez–Ramirez moves to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. The Court has read and considered the papers filed in connection with this matter and, having determined the issues, now denies the motion for the reasons set forth below.

### I. Factual and Procedural Background

The circumstances leading to the present motion arise from Petitioner's involvement in a conspiracy to possess and to distribute cocaine from Southern California to New York by jet aircraft.

On September 20, 1994, Petitioner was indicted along with five co-defendants for conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment lists as overt acts committed in furtherance of the conspiracy: (1) the transporting of 294 kilograms of cocaine by pickup truck to the Bermuda Dunes Airport near Palm Springs, California; and (2) the loading of approximately 294 kilograms of cocaine into a jet aircraft.

On February 13, 1995, Petitioner executed a plea agreement and entered his plea of guilty to count one of the indictment. The stipulated statement of facts of the plea agreement specifically sets forth the amount of cocaine to be transported as 294 kilograms. At the guilty plea hearing Petitioner admitted that he agreed with others to possess and distribute "five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance." The charges listed in the indictment were put on record by the Court at the guilty plea hearing, along with the overt acts listed in the indictment, specifying the amount of cocaine to be transported as 294 kilograms. Petitioner agreed that this was an accurate account of his involvement with the conspiracy and entered his guilty plea to count one of the indictment.

On October 10, 1995, the Court sentenced Petitioner to 188 months, with five years of supervised release, on count one of the indictment. Petitioner appealed the Court's ruling, and the Ninth Circuit affirmed the sentence.

Thereafter, on April 22, 1998, Petitioner filed in Case No. CV98–3045 R, his first motion, pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. On May 5, 1998, after substantive review, the Court issued an order denying Petitioner's habeas motion on the merits.

On October 6, 2000, Petitioner filed a second motion, pursuant to 28 U.S.C. § 2255, which is now before the Court. Petitioner asserts that his sentence under 21 U.S.C. §§ 841(a)(1) and 846 is unconstitutional because the quantity of drugs attributed to him should have been alleged in the indictment, presented to a jury, and proved beyond a reasonable doubt, in accordance with the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Ninth Circuit's recent decision in *United States v. Nordby,* 225 F.3d 1053 (9th Cir.2000).

### II. Discussion

#### A. Petition Under § 2255

A petitioner may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 allows a prisoner in federal custody to move a court to vacate, set aside or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 ¶ 1. If any of these grounds exist, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may

appear appropriate." *Id.* at ¶ 2. However, before a federal district court may review the merits of a § 2255 motion, it must first determine whether it has jurisdiction. Since the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in April 1996, a prisoner may file a second or successive § 2255 motion only if the court of appeals first certifies that the petitioner's claim relies on either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2255 and 2244(b)(3)(C). Petitioner previously filed a § 2255 motion in this Court on April 22, 1998, which was given substantial review and denied on the merits. Because Petitioner has failed to obtain certification from the Ninth Circuit Court of Appeals, as required by 28 U.S.C. §§ 2255 and 2244(b), this Court has no choice but to dismiss Petitioner's second § 2255 motion for want of subject matter jurisdiction pursuant to the AEDPA.

B. *Distinguishable Facts*

Although the Court lacks subject matter jurisdiction over Petitioner's § 2255 motion, it will nevertheless discuss why Petitioner's § 2255 motion would be denied on the merits.

■ Petitioner contends that his sentence under 21 U.S.C. §§ 841(a)(1) and 846 was unconstitutional because the quantity of drugs attributable to him and penalty provisions should have been alleged in the indictment, presented to a jury, and proved beyond a reasonable doubt. Petitioner grounds his argument in the Supreme Court's recent decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Ninth Circuit's recent decision in *United States v. Nordby*, 225 F.3d 1053 (9th Cir.

2000). Petitioner argues that pursuant to *Apprendi* and *Nordby*, his sentence was improperly enhanced in violation of the Fifth and Sixth Amendments to the United States Constitution.

*Apprendi* addressed whether due process requires a jury to decide beyond a reasonable doubt any "facts" that would increase a maximum prison sentence. In *Apprendi*, the Supreme Court overturned a sentencing scheme that allowed a state judge, by a preponderance of the evidence, to enhance a defendant's penalty beyond the prescribed statutory maximum. *Apprendi*, 120 S.Ct. at 2363–64. Apprendi was convicted in New Jersey state court for possession of a firearm for an unlawful purpose, a second degree offense punishable by imprisonment of between five and ten years. However, at sentencing the judge found by a preponderance of the evidence that Apprendi had committed his crime with the purpose of intimidating individuals because of race, which findings increased Apprendi's sentence under New Jersey's hate crime law to imprisonment between ten and twenty years. The Supreme Court held in *Apprendi* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 2362–63.

As a result of *Apprendi*, several courts, including the Ninth Circuit, have addressed the question of whether the penalty provisions of 21 U.S.C. § 841(b), indicating the quantity of drugs, are merely sentencing considerations to be determined by a preponderance of the evidence by the sentencing judge or whether the quantity of drugs must be charged in the indictment and proved beyond a reasonable doubt to the trier of fact. *See United States v. Nordby*, 225 F.3d 1053, 1058 (9th Cir.2000); *see also United States v. Nance*, 236 F.3d 820, 823 (7th Cir.2000); *United States v. Jones*, 235 F.3d 1231, 1233 (10th Cir.2000); *United States v.*

*Richardson*, 233 F.3d 223, 230 (4th Cir. 2000).

In *Nordby* the Ninth Circuit found, based on the Supreme Court's holding in *Apprendi*, that the quantity of drugs for which a defendant is sentenced is a "fact" which must be submitted to the jury and proved beyond a reasonable doubt if that fact increases the prescribed statutory maximum penalty. *Nordby*, 225 F.3d at 1058. Nordby was convicted and sentenced under 21 U.S.C. §§ 841 and 846, but the jury never determined beyond a reasonable doubt the quantity of drugs for which Nordby was responsible. At trial, the district court instructed the jury that it need not determine the quantity of drugs defendant manufactured, possessed or conspired to possess with intent to distribute. Instead, the district court made the determination at sentencing and did so under the standard of a preponderance of the evidence, which effectively increased the prescribed statutory maximum to which the defendant was exposed beyond that supported by the jury's factual findings. The Ninth Circuit remanded the case for resentencing based on the statutory maximum sentence supported by facts as found by the jury beyond a reasonable doubt. *Id.* at 1062.

The present case is factually distinguishable from both *Apprendi* and *Nordby*. In the present case the indictment clearly stated in count one the quantity of cocaine Petitioner was personally responsible for in connection with the conspiracy. Petitioner was charged with conspiracy to possess with intent to distribute and to distribute "five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)." In addition, the indictment specifically lists in count one as overt acts committed in furtherance of the conspiracy the transporting and loading of "294 kilograms of cocaine." Petitioner waived his Sixth Amendment right and entered his plea of guilty to count one. Even the plea agreement signed by Petitioner indicated

in the stipulated statement of facts the quantity of cocaine to be transported as 294 kilograms. At the guilty plea hearing the Court read into the record count one of the indictment along with the overt acts, to which Petitioner plead guilty. At sentencing the Court did not have to determine the quantity of cocaine since this fact had already been established by Petitioner's own admission in the plea agreement and at the guilty plea hearing. In *Apprendi*, the effect of the New Jersey's sentencing "enhancement" unquestionably turned a second-degree offense with imprisonment of five to ten years into a first-degree offense with imprisonment of ten to twenty years based on New Jersey's criminal code. Likewise, in *Nordby*, the judge's determination of the quantity of drugs at issue by preponderance of the evidence effectively increased Nordby's prescribed statutory maximum sentence from five years to life imprisonment. However, in the present case, Petitioner's offense of conspiracy to possess with intent to distribute and to distribute "five kilograms or more" of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, was never enhanced by the Court. The quantity of cocaine in question was consistently deemed to be "five kilograms or more" of cocaine. Furthermore, the quantity of cocaine was specifically set forth as "294 kilograms" in the overt acts of count one of the indictment, in the plea agreement and at the guilty plea hearing. Therefore, Petitioner's § 2255 motion must fail on the merits because the present case is factually distinguishable from *Apprendi* and *Nordby*.

## C. *Enhancement Beyond Statutory Maximum*

 In the present case, even if the drug quantity had not been charged in the indictment and proved to a jury beyond a reasonable doubt, Petitioner's argument would still fail because his sentence was not enhanced beyond the prescribed statutory maximum. The Supreme Court's decision in *Apprendi* was specifically limited to facts that increase the penalty beyond

the prescribed statutory maximum. *Apprendi*, 120 S.Ct. at 2362–63. Unless a defendant's sentence is increased beyond the statutory maximum penalty, *Apprendi* does not apply. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1027 (9th Cir.2000); *United States v. Chavez*, 230 F.3d 1089, 1091 (8th Cir.2000); *United States v. Doggett*, 230 F.3d 160, 165 (5th Cir.2000). *Apprendi* has no bearing on a case in which the defendant was sentenced to the statutory maximum or less, which is what took place in the present case before the Court.

Petitioner was sentenced to 188 months (15 years and 8 months), pursuant to 21 U.S.C. § 841(b)(1)(A), which requires imprisonment of not less than 10 years and no more than life, for defendants who conspire to possess with intent to distribute or distribute "5 kilograms or more" of cocaine, a schedule II controlled substance. 21 U.S.C. § 841(b)(1)(A)(ii)(II). However, § 841(b)(1)(C) sets forth penalties without reference to drug quantity for schedule II controlled substances, such as cocaine. Had Petitioner been sentenced under § 841(b)(1)(C), the maximum penalty he could have received would be 20 years. Therefore, even if the quantity of cocaine had not been charged in the indictment and proved to a jury beyond a reasonable doubt, Petitioner could have been sentenced to the statutory maximum of 20 years, pursuant to § 841(b)(1)(C), which makes no reference to drug quantity. Since Petitioner's sentence was not more than 20 years, it was within the statutory range, regardless of drug quantity. *Apprendi* does not apply when the sentence is not enhanced beyond the statutory maximum.

**D. *Retroactivity***

██ As discussed previously, a new decision by the Supreme Court justifies a second or successive collateral attack only if it establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2255 ¶ 8 and 2244(b)(2)(A). Nowhere in the *Apprendi* decision itself does the Supreme Court state that the decision applies retroactively to cases on collateral review, such as Petitioner's § 2255 motion. In addition, the Supreme Court has not declared in a subsequent opinion that *Apprendi* should be applied retroactively to cases on collateral review.

Although the Ninth Circuit has not yet directly addressed if *Apprendi* applies retroactively to cases on collateral review on the issues of whether: (1) a fact increased the penalty for a crime beyond the prescribed statutory maximum; and (2) said fact must be submitted to a jury and proved beyond a reasonable doubt,[1] several other circuits have already determined that *Apprendi* does not apply retroactively to cases on collateral review involving these same issues. *Talbott v. Indiana*, 226 F.3d 866, 869–70 (7th Cir.2000); *In re Tatum*, 233 F.3d 857, 858 (5th Cir.2000); *In re Joshua*, 224 F.3d 1281, 1282 (11th Cir.2000). Thus, *Apprendi* should not be applied retroactively to cases on collateral review, such as § 2255 motions, in which the petitioner challenges whether a fact increased the penalty for a crime beyond the prescribed statutory maximum and said fact was not submitted to a jury and proved beyond a reasonable doubt.

---

1. The Ninth Circuit recently held in *Jones v. Smith*, 231 F.3d 1227 (9th Cir.2000), that *Apprendi* did not apply retroactively on collateral review on the issue of whether an indictment must charge all elements of an offense. In *Jones*, the Ninth Circuit applied *Apprendi* to a petitioner's claim that his conviction was unconstitutional based on differences between the indictment and the charges actually submitted to the jury during trial. The Ninth Circuit has not, however, addressed if *Apprendi* applies retroactively to cases on collateral review on the issues of whether: (1) a fact increased the penalty for a crime beyond the prescribed statutory maximum; and (2) said fact must be submitted to a jury and proved beyond a reasonable doubt.

### III. Conclusion

For the reasons discussed herein, the Court summarily dismisses Petitioner's § 2255 motion pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings. Rule 4(b) allows a district court to summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Petitioner's motion is DENIED.