IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60831
Summary Calendar
_____

ECLINTON THOMAS,

Petitioner-Appellant,

versus

BUREAU OF PRISONS; WARDEN YUSUFF,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-195-BrS
--------------------
May 22, 2002

Before Davis, Benavides, and Clement, Circuit Judges.

PER CURIAM:[*]

Eclinton Thomas, federal prisoner # 28955-018, sentenced in the Middle District of Florida, appeals the district court's dismissal, for lack of jurisdiction, of his 28 U.S.C. § 2241 petition. Thomas argued in his petition that his conviction and sentence were unconstitutional under Apprendi v. New Jersey, 466 U.S. 530 (2000). He also alleged that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

detention.

A 28 U.S.C. § 2241 petition that attacks custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the remedy provided for under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255 "applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Id. Thomas bears the burden of showing that he meets the requirements of the savings clause. See id. at 901.

We have no occasion to decide whether Apprendi is "a retroactively applicable . . . decision" within the meaning of the first prong of the savings clause because Thomas has not met his burden under the second prong to show that his Apprendi claim "was foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." Id. at 904. The Apprendi decision was handed down before Thomas was sentenced, and thus it was available to Thomas both at sentencing and on direct appeal. In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000), on which Thomas relies, does not show that

Eleventh Circuit precedent foreclosed an <u>Apprendi</u> claim during the relevant time frame.  As Thomas has not established that his claim falls within the savings clause of 28 U.S.C. § 2255, he has not shown that the district court's dismissal of his petition for lack of jurisdiction was error.  <u>See</u> <u>Ojo v. INS</u>, 106 F.3d 680, 683 (5th Cir. 1997).  Accordingly, the district court's judgment is AFFIRMED.