[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-14686
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00188-LGW-JEG

RAYFORD STEVENS,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(July 16, 2014)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding pro se, Rayford Stevens, a federal inmate serving a life sentence,

appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241.  The district court concluded that Mr. Stevens' petition had failed to satisfy the "savings clause" requirements of 28 U.S.C. § 2255(e).  Following a review of the record and the parties' briefs, we affirm.

## I

On April 21, 1994, following a jury trial in the Southern District of Alabama, Mr. Stevens was convicted of three offenses: conspiracy to commit armed robbery of a motor vehicle, in violation of 18 U.S.C. §§ 371 and 2 (Count 1); armed robbery of a motor vehicle ("carjacking"), in violation of 18 U.S.C. § 2119 (Count 2);[1] and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3).  *See* AL D.E. 1.[2]

---

[1] At the time of Mr. Stevens' offense and conviction, 18 U.S.C. § 2119 provided:

> Whoever, with the intent to cause death or serious bodily harm, takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—
>
> > (1) be fined under this title or imprisoned not more than 15 years, or both,
> >
> > (2) if serious bodily injury (as defined in section 1365 of this title) results, be fined under this title or imprisoned not more than 25 years, or both, and
> >
> > (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

18 U.S.C. § 2119 (1988).

[2] Although Mr. Stevens was convicted and sentenced in Alabama, he is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, and, therefore, filed his present petition in the Southern District of Georgia.  For the sake of clarity, we refer to court documents related to

Upon its own finding at sentencing that a death resulted from the carjacking, the district court sentenced Mr. Stevens to life imprisonment without parole for Count 2, to be served concurrently with 60-month sentences for Counts 1 and 3. Mr. Stevens appealed, and this Court affirmed his convictions and sentences. *See United States v. Knight*, 70 F.3d 1285 (11th Cir. 1995) (table).

In 1997, Mr. Stevens filed a motion to vacate pursuant to 18 U.S.C. § 2255, arguing (1) that the government failed to prove two essential elements to support his convictions on Counts 1 and 2; (2) that he was denied effective assistance of counsel; and (3) that newly discovered evidence would likely have resulted in his acquittal. *See* AL D.E. 139. The district court denied his petition "in accordance with Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts." *See* AL D.E. 150. Mr. Stevens was denied a certificate of appealability, first by the district court and then by this Court. *See* AL D.E. 152; GA D.E. 8-2. *See also Stevens v. United States*, 49 Fed. App'x 288 (11th Cir. 2002) (table) (affirming denial of motion to reconsider).[3]

---

his proceedings in Alabama, i.e., trial, sentencing, and his initial § 2255 petition, as "AL D.E.," and those filed in his present petition in Georgia as "GA D.E."

[3] Mr. Stevens claims in his present § 2241 petition that he was improperly sentenced on Count 2 because the elements of the carjacking charge were not stated in his indictment. But his earlier § 2255 motion contradicts that assertion. In his § 2255 motion, Mr. Stevens stated that "[t]he Indictment charged that [co-defendant] Knight and Stevens conspired to take a motor vehicle by

3

After the denial of Mr. Stevens' § 2255 motion, the Supreme Court decided *Jones v. United States*, 526 U.S. 227 (1999). *Jones* held that 18 U.S.C. § 2119 "establish[ed] three separate offenses by the specification of distinct elements, each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict." 526 U.S. at 252. The following year, as foreshadowed by *Jones*, the Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that any facts enhancing the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury.

In 2003, citing *Apprendi* and *Jones*, Mr. Stevens filed a pro se habeas petition pursuant to 28 U.S.C. § 2241, claiming that he was "factually innocent," and that, pursuant to *Jones*, the sentencing court had no authority to sentence him based on elements neither stated in the indictment nor proven beyond a reasonable doubt. *See* Report and Recommendation, GA D.E. 8-2 at 2. The district court dismissed the § 2241 petition because Mr. Stevens had not shown that a petition under § 2255 was inadequate or ineffective to test the legality of his detention, as required before a court may entertain a § 2241 petition pursuant to the savings clause in §2255(e). *See* 2004 District Court Order, GA D.E. 8-3. The district court

---

force, violence or intimidation, and that . . . during the taking, the victim, Harold Edward Dunn, was shot and fatally wounded." AL D.E. 139.

4

regarded Mr. Stevens' petition as a successive § 2255 motion that had been filed without the required prior approval of the Eleventh Circuit. *See id.*

In 2004, Mr. Stevens filed his second § 2241 petition, raising essentially the same claims as before. *See* 2005 District Court Order, GA D.E. 8-4. The district court dismissed Mr. Stevens' petition, again, for failing to satisfy §2255(e).

On November 20, 2012, Mr. Stevens filed this present § 2241 petition, alleging for the third time that the district court sentenced him based on elements neither stated in the indictment nor proven beyond a reasonable doubt to the jury, in violation of the rule established in *Jones* and *Apprendi*. *See* GA D.E. 1. Mr. Stevens also claimed that his life sentence exceeds the statutory maximum under § 2119(1), and that he is actually innocent of the crimes charged. *See id.*

## II

We exercise plenary review over the denial of a § 2241 habeas petition. *See Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013). A federal prisoner may challenge the propriety of his conviction and sentence pursuant to a motion under 28 U.S.C. § 2255, but is generally only entitled to file one such motion. A second or successive §2255 motion may not be filed without permission of the circuit court. *See* 28 U.S.C. § 2244(b)(3)(A).

Under limited circumstances, a prisoner may file a subsequent habeas corpus petition under 28 U.S.C. § 2241 without seeking a circuit court's permission. *See*

5

28 U.S.C. §§ 2241(a), 2255(e).  *See also Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  To do so, however, a petitioner must satisfy the "savings clause" of § 2255(e), by showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

We have held that a prisoner may not use § 2241 to circumvent the restrictions on successive § 2255 motions.  *See Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir. 1999).  A petitioner must establish at least two necessary conditions to satisfy the threshold, jurisdictional "savings clause" inquiry:

> First, the claim must be based upon a retroactively applicable Supreme Court decision.  The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Williams*, 713 F.3d at 1343.

### III

Mr. Stevens argues in his current § 2241 petition that his sentence exceeded the statutory maximum for his offense of conviction.  Relying on the Supreme Court's decisions in *Jones* and *Apprendi*, Mr. Stevens asserts that he could not be sentenced to the maximum term of life imprisonment based on an element neither stated in the indictment nor proven beyond a reasonable doubt—namely, that his violation of 18 U.S.C. § 2119 resulted in the death of another.  *See* 18 U.S.C. §

6

2119(3) (1994).  Mr. Stevens instead contends that he was subject to a 15-year maximum sentence pursuant to 18 U.S.C. § 2119(1) (1994).

The Supreme Court's holding in *Jones* was "developed in *Apprendi* and subsequent cases," culminating in the principle that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 237-44 (2005).

Although we recognize Mr. Stevens' assertion that the current claims are based in part on *Jones*, we conclude that they are no different than claims based on the decisions in *Apprendi* and its progeny.  Indeed, Mr. Stevens relies on *Jones* for essentially the same principle announced in *Apprendi*: that his violation of § 2119 resulted in the death of another—the "fact . . . necessary to support a sentence exceeding the maximum authorized by facts established by . . . [the] jury verdict"— was required to be proven to a jury beyond a reasonable doubt.  *See Booker*, 543 U.S. at 237-44 (discussing *Apprendi*).

We have previously held that *Apprendi* does not apply retroactively on collateral appeal, including in the context of a § 2241 petition.  *See Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006).  *See also McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (finding *Apprendi* not retroactive

7

for collateral review pursuant to a § 2255 motion); *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000) (rejecting the retroactive application of *Apprendi* to permit second or successive habeas petitions).  We have likewise held that *Booker* has no retroactive applicability on collateral review.  *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (explaining that "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review").  We see no reason to treat *Jones* any differently.

Accordingly, because his § 2241 claims are not "based upon a retroactively applicable Supreme Court decision," Mr. Stevens' petition fails to satisfy the "savings clause" of § 2255(e). [4]

**IV**

---

[4] In his objections to the magistrate judge's report and recommendation and in his appellate briefs, Mr. Stevens argued for the first time that *Johnson v. United States*, 559 U.S. 1265 (2010), required the sentencing court to impose a sentence based on "the least prohibited act where it is unclear which aspect of the . . . statute the defendant violated."  Reply Brief of Appellant at 2 (ellipsis in original).  *See also* GA D.E. 12 at 3.  *Johnson*, however, dealt with the applicability of a state conviction for battery as a predicate "violent felony" offense for an enhancement under the Armed Career Criminal Act.  Where the elements of an offense establish several different ways of committing that offense, and where no record exists to explain how the defendant committed the offense, the Supreme Court held that a district court, in determining the applicability of the ACCA enhancement, must assume that the prior conviction for that offense rested upon "the least of these acts."  *Johnson*, 559 U.S. at 137.  Because Mr. Stevens failed to raise this argument in his initial habeas petition, it is not properly before us.  For the sake of clarity, however, we note that the argument would be inapposite to Mr. Stevens' situation even if it had been adequately raised.

Based on the foregoing, we affirm the district court's dismissal of Mr. Stevens' § 2241 habeas corpus petition.

**AFFIRMED.**