MARTIN, Circuit Judge,
concurring:
I agree that Marckson Saint Fleur’s 18 U.S.C. § 924(c) sentence looks to be valid despite Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). I write separately to make two points. First, the majority’s holding seems to hinge on the fact that Mr. Saint Fleur was convicted in federal court of robbery “by means of an actual and threatened force, violence, and fear of injury.” In other cases where a different crime provided the basis for a § 924(c) sentence, there may still be “a sufficient showing of possible merit to warrant a fuller exploration by the district court.” In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (quotation omitted). Second, I am increasingly wary of deciding whether to grant leave to file a second or successive § 2255 petition based on a conclusion that the applicant’s proposed claim will fail on the merits. All §2255 requires us to do at this stage is “certif[yj” whether the applicant made “a prima facie showing” that the petition will “contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” 28 U.S.C. §§ 2255(h), 2244(3)(C). We have therefore held that “the merits” of a proposed claim “are not relevant to whether [the applicant] can obtain permission to bring a second or successive § 2255 motion.” In re Joshua, 224 F.3d 1281, 1282 n. 2 (11th Cir. 2000) (per curiam).
Forgoing a detailed merits review makes sense because our decisions at this stage are typically based on nothing more than a form filled out by a prisoner. Without any briefing or other argument made by a lawyer, we are ill equipped to decide the merits of the claim. On top of that, we are expected to decide these applications *1342 within 30 days of their filing. See 28 U.S.C. § 2244(b)(3)(D). “Things are different in the district court. That court has the benefit of submissions from both sides, has access to the record, has an opportunity to inquire into the evidence, and usually has time to make and explain a decision about whether the petitioner’s claim truly does meet the § 2244(b) requirements.” Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1358 (11th Cir. 2007).
Given those limitations, it would be much more prudent, I believe, to allow the District Court to decide the merits of these cases in the first instance. The losing party can then appeal that decision. And in that context, our precedent provides that the decision on the merits appeal would not be controlled one way or another by the “limited determination” made in the order granting leave to file the § 2255 petition. In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013). Certainly this would be a more appropriate posture for a court of appeals to decide the merits of a §2255 petition. At the current stage, applicants haven’t even filed § 2255 petitions. All they’ve filed is a form applying for permission to file a petition.[1]
Even if some applications seem easy to deny based on how the merits look, this won’t always be true. Mr. Saint Fleur’s § 924(c) sentence was based on the determination that his federal robbery conviction is a “violent felony.” This crime was charged in the same indictment and then proved in the same way and at the same time as his § 924(e) violation. Unlike Mr. Saint Fleur, many prisoners seeking to file new § 2255 petitions are challenging sentences that were based on old convictions under state law. This means a decision on the merits of a proposed claim will turn on whether those state crimes are a “violent felony” under one of the definitions of that term that survived Johnson. And that inquiry depends in turn on how the state’s courts interpreted the elements of the offense at the time the applicant was convicted. See United States v. Howard, 742 F.3d 1334, 1343 (11th Cir. 2014). Because of evolving state court rulings, this can mean that an offense will count as a “violent felony” if it was committed one year but not if it was committed the next.
Questions about how states apply their criminal statutes are rarely easy to answer. Again, the question can turn on the historical development of state law. It can also depend on changes in federal law. For example, the answer might depend on whether our precedent characterizing a particular state offense has been overruled by the Supreme Court, which has decided at least nine Armed Career Criminal Act (ACCA) cases in the past decade alone.[2] *1343 Adding to this difficulty, in many cases the only record of an applicant’s earlier state conviction is the report prepared by a probation officer prior to sentencing (if that). But when we grant leave to file a § 2255 petition, prisoners must file their petitions in the court that sentenced them. That court will be far more familiar with the sentencing (or can more easily become familiar) than we will be within the 30 days that we are given to decide an application for leave. Also, in cases where a sentencing court didn’t make a specific enough factual finding about which prior crimes the defendant committed (when a defendant committed many crimes that easily counted under ACCA’s “residual clause,” this specificity may not have been necessary), the District Court can examine the allegations and documentary evidence and make these findings anew. As an appellate court, we can’t do that.
Nothing in the habeas statute suggests that Congress expected us to decide the merits of a proposed claim when deciding whether to grant an application for leave to file a successive petition. When an appeals court panel combs a probation officer’s unproven allegations to decide in the first instance if the applicant’s sentence is lawful, it is deciding more than a “prima facie” case. In the somewhat analogous certificate of appealability (COA) context, the Supreme Court has said the COA statute’s “threshold inquiry” is satisfied so long as “the issues presented are adequate to deserve encouragement to proceed further.” Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003). This “does not require a showing that the appeal will succeed.” Id. at 337, 123 S.Ct. at 1039. It doesn’t even mean that “some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the ... case has received full consideration, that petitioner will not prevail.” Id. at 338, 123 S.Ct. at 1040.[3]
To some extent the COA standard is more demanding than the standard for granting an application to file a second or successive petition. A COA requires “a substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2). Permission to file a second or successive §2255 petition merely requires “a prima facie showing” that petition will “contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.” Id. §§ 2244(b)(3)(C), 2255(h)(2). By its plain text, the standard we are applying here invites even less of an inquiry into the merits of the proposed claim than the standard for a COA. Other courts agree that permission to file a second or successive § 2255 petition requires no inquiry into the merits of a proposed claim.[4] So do the leading practice manuals.[5]
*1344 For decades, courts across the country imprisoned people in a way that we know after Johnson is illegal. The Supreme Court has also told us that prisoners are entitled to benefit from Johnson regardless of when they were sentenced. See Welch v. United States, — U.S. -, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016). We owe these possibly wrongfully incarcerated people careful attention in deciding whether a district court can simply look at whether their sentence is wrong. Our court received about 600 Johnson-based § 2255(h) applications in the month of May alone. Nearly all those applications are pro se. Some were denied by split panels.[6] And nearly all the orders in these eases are not published on our public website or in case reporters, which means no lawyer is likely to ever see them.
The stakes in these cases are very high, since many of these applicants claim they are in prison beyond the lawful limit of their sentence. And the margin for error is very low, since the “denial of an authorization by a court of appeals to file a second or successive application shall not be ap-pealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.” 28 U.S.C. § 2244(b)(3)(E). Federal judges are rarely authorized to make legal decisions that are not subject to review. In the few circumstances for which Congress has given us this authority, we ought to wield it with extreme caution. While the merits of Mr. Saint Fleur’s proposed claim seem easier than in some other cases, it is hard to be sure based on the limited record we have at this stage. I worry that our merits decisions in these cases may be shutting people out of court based on conclusions that are both “not relevant” at this stage and not reviewable. Joshua, 224 F.3d at 1282 n. 2.

. This form gives prisoners very little space to explain their claims. See http://www.call. uscourts.gov/sites/defaulVfiles/courtdocs/clk/ Form2255APP.pdf. The form also says: "Do not submit separate petitions, motions, briefs, arguments, etc.” In this same context our court invited the government to file a brief "setting forth its views on the appropriate disposition of applications by federal defendants for leave to file second or successive motions under 28 U.S.C. § 2255(a) ... in light of the recent decision in Johnson.” This brief is 47 pages long and the government has asked us to file it "on the docket in future cases where federal defendants seek leave to file a successive Section 2255 motion.”

. See Johnson, 135 S.Ct. 2551; Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013); Sykes v. United States, 564 U.S. 1, 131 S.Ct. 2267, 180 L.Ed.2d 60 (2011); McNeill v. United States, 563 U.S. 816, 131 S.Ct. 2218, 180 L.Ed.2d 35 (2011); Johnson v. United States, 559 U.S. 133, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010); United States v. Rodriquez, 553 U.S. 377, 128 S.Ct. 1783, 170 L.Ed.2d 719 (2008); Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008); Logan v. United States, 552 U.S. 23, 128 S.Ct. 475, 169 L.Ed.2d 432 (2007); James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007). This ongoing uncertainty is despite the fact that ACCA is over thirty years *1343 old. Non-ACCA cases may govern the merits of Johnson claims as well. See, e.g., Torres v. Lynch, - U.S. -, 136 S.Ct. 1619, 194 L.Ed.2d 737 (2016); United States v. Castleman, - U.S. -, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014); Moncrieffe v. Holder, - U.S. -, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013).

. The Supreme Court recently granted a prisoner's petition for certiorari in a case that (just like Miller-El) asks if the Fifth Circuit's COA standard is too strict. See Buck v. Stephens, No. 15-8049, - U.S. -, 136 S.Ct. 2409, 195 L.Ed.2d 779, 2016 WL 531661 (U.S. June 6, 2016).

. See, e.g., Ochoa v. Sirmons, 485 F.3d 538, 541 (10th Cir. 2007) ("This statutory mandate does not direct the appellate court to engage in a preliminary merits assessment. Rather, it focuses our inquiry solely on the conditions specified in § 2244(b) that justify raising a new habeas claim.”); Goldblum v. Klem, 510 F.3d 204, 219 n. 9 (3d Cir. 2007) (" '[Sufficient showing of possible merit’ in this context does not refer to the merits of the claims asserted in the petition.” (alteration in original)).

. See, e.g., Means, Federal Habeas Manual § 11:85, at 1307 (2015 ed.) ("If the petitioner seeks to file a second or successive petition based on a new rule of law made retroactive on collateral review by the Supreme Court, the appellate court does not conduct any assessment of the merits of the underlying claim, preliminary or otherwise.” (citations omitted)); Hertz & Liebman, 2 Federal Habe-as Corpus Practice & Procedure § 28.3[d], at 1717 (7th ed. 2015) (explaining that "lack of merit” is "irrelevant” at the § 2244(b) authorization stage).

. E.g., In re Payne, No. 16-12290 (11th Cir. June 6, 2016) (Martin, J., dissenting); In re Knight, No. 16-12132 (11th Cir. June 3, 2016) (Wilson, J., dissenting); In re Little, No. 16-11979 (11th Cir. May 27, 2016) (Martin, J., dissenting); In re McKinney, No. 16-11948 (11th Cir. May 26, 2016) (Martin, J., dissenting); In re Turner, No. 16-11914 (11th Cir. May 25, 2016) (Rosenbaum, J., dissenting); In re Smith, No. 16-11901 (11th Cir. May 24, 2016) (Wilson, J., dissenting); In re Cantillo, No. 16-11468 (11th Cir. May 2, 2016) (Martin, J., dissenting); In re Young, No. 16-11532 (11th Cir. Apr. 28, 2016) (Wilson, J., dissenting).